DECISION
This civil action is a petition for declaratory relief brought by the Director of the Department of Business Regulation to declare his rights with regard to the respondents who are employees of the State in the Division of Racing and Athletics. He requests that the Court construe an agreement between these employees and the Governor, entered into on August 28, 1992 to settle pending civil rights litigation in the United States District Court for the District of Rhode Island.
The plaintiff proposes to reduce the defendants' pay in accordance with a pay plan change adopted by the Unclassified Pay Board on February 8, 1994 and approved by the Governor on March 8, 1994. The plaintiff says that all employees in the defendants' classification were subject to the same non-discriminatory pay reduction. The reduction is alleged to be necessary because of a state fiscal crisis.
The defendants point to the unequivocal plain language of paragraph 4 of the settlement agreement:
 "REORGANIZATION: The defendants (Governor and others) agree that the plaintiffs (defendants here) will continue to hold their per diem positions with the State of Rhode Island, Department of Business Regulation (or its successor) as the same are presently constituted and that their work hours, duties, compensation, number of hours worked and other terms of employment will not be modified, altered or changed in any way (except for such increases in wages as may be granted to similarly situated state employees).
 In the event that the State of Rhode Island seeks to reorganize the Department of Business Regulation, or its successor, while defendant Sundlun holds the office of Governor, with regard to those jobs or those types of jobs currently held by plaintiffs and, as a result, the per diem
positions held by the plaintiffs are eliminated and new full time positions are created (whether classified or unclassified) then, upon such reorganization, the plaintiffs, should they apply for employment by the State in any such new job or position created or modified as a result of such reorganization, would be considered fairly by the State for employment in any or all such new positions whose job description is substantially similar to any per diem job ever held by such plaintiff with the State. In so considering such plaintiff's application, the State of Rhode Island will give credit for and great weight to such applicant's prior experience and tenure in such per diem position and will not give any credit, consideration or weight to such plaintiff's political beliefs.
 In the event that the plaintiffs, or any of them, question whether or not they have been considered fairly by the State for employment in any or all such new positions, then the aggrieved plaintiff shall continue to have any and all remedies available to him, whether at law or equity, and the execution of this Agreement on plaintiffs' behalf shall not be considered or be construed to be a waiver of such right or remedy by them.
 Not withstanding the foregoing, in the event of such reorganization, the State or Rhode Island will employ for such positions at least 3 of the plaintiffs in the jobs created as a result of such reorganization.
 Any of the said plaintiffs, not so employed, shall be given first preference for employment by the State in any per diem job which might be created by such reorganization."
The plaintiff does not contend, nor is there any showing that the Department of Business Regulation, or its successor, was reorganized during the administration of the incumbent Governor, which resulted in the elimination of the defendants' positions. The plaintiff does argue that the first full paragraph is somehow modified by the next, so as to render the first paragraph inoperative in the event of a "fiscal crisis."
This Court finds that the words," . . . their work hours, duties, compensation, number of hours worked and other terms of employment will not be modified, altered or changedin any way. . .," are as categorical as any in the English language. The second paragraph refers to a contingency which did not come to pass, and is now of no effect whatever. The settlement agreement was executed on behalf of the department by counsel who now argues against the very document he signed. If the department wanted to reserve a right to reduce the employees' pay without discrimination in the event of a fiscal crisis, the time to include that provision was before signing the agreement, not afterwards.
It is inescapable that in order to avoid the penalties plainly headed its way in the Federal Courts, the plaintiff bailed out by agreeing to a form of permanent tenure for these defendants, subject only to a reorganization of the department during the tenure of the then incumbent Governor. The plaintiff's argument that the defendants' wage cut was part of a reorganization of the Department of Business Regulation is not supported by any evidence. Accordingly, plaintiff's reliance onJoslyn v. Kinch, 613 F. Supp. 1168 (1985) is misplaced.
Under the circumstances, the defendants have understandably counterclaimed for declaratory and injunctive relief, as well as a counsel fee pursuant to G.L. 1956 (1985 Reenactment) §9-1-45. The defendants are clearly entitled to specific performance of the settlement agreement and injunctive relief against any threat by the executive branch to violate that agreement.
The plaintiff's argument that the Unclassified Pay Board was not bound by the Governor's agreement is disingenuous. The Governor has ultimate authority to approve and make changes to any unclassified pay plan submitted by the board. G.L. 1956(1990 Reenactment) § 36-4-16.3. By approving the plan without change the Governor violated the agreement. This is no longer a First Amendment case. It is a simple contract case. These defendants are not claiming in this case that they have been singled out by the proposed pay cut for discriminatory treatment because of their political beliefs, as protected by the First Amendment. They allege that the plaintiffs have breached a valid, enforceable contract.
The cases of Picerne v. Sundlun, 789 F. Supp. 511
(D.R.I. 1992) and In re: State Employees' Unions, 587 (A.2d 919 (R.I. 1991), are not pertinent. In Picerne the plaintiff had no special binding contractual right to continued employment by the State. He was an at-will employee subject to non-discriminatory lay-off or dismissal at the pleasure of the appointing authority. The State persuaded the Court that fiscal necessity and not his political belief was the reason for his lay-off. In StateEmployees Unions the sole question before the Court was whether all State employees were entitled to preliminary injunctive relief from an executive order mandating a shut-down of State departments and agencies for 10 business days before the end of the fiscal year. The Supreme Court did not reach the breach of contract issue in that case because claims of the Unions arising from breaches of the collective bargaining agreements were remediable through arbitration which this Court found to be an adequate remedy at law. Id., 587 A.2d at 922.
This Court has squarely presented to it in this case a blatant effort by a now out-of-office administration to break its solemn promise which it gave in settlement of a claim it was about to lose in Federal Court. That conduct cannot be tolerated by any Court. There is no contractual recourse to arbitration here, as there was in State Employees' Unions, supra, to decide grievances and frame remedies for breaches, if any, of collective bargaining agreements. The plaintiff has cited no authority which would permit the State to breach a specific written employment contract because of any alleged fiscal crisis. The evidence of a short-fall of revenue into the restricted fund referred to by the State is immaterial.
Accordingly, the plaintiff's motion for summary judgment is denied.
The defendants' memorandum will be treated as a motion for summary judgment, and it is granted. The action of the Unclassified Pay Board, to the extent it purports to reduce the defendants' pay is null and void. The State is permanently enjoined from modifying, altering or changing the defendants' work hours, duties, compensation, number of hours worked and other terms of employment, except for such increases in wages as may be granted to similarly situated State employees. The plaintiff is ordered to pay defendants forthwith any wages improperly withheld since February 8, 1994. The defendants will forthwith be reinstated to the pay plan in effect prior to February 8, 1994.
The Court finds that the plaintiff's position does rest on an arguable proposition of law arising out of an understandable misreading of In re State Employees' Unions, supra.
Accordingly, the defendants' request for a counsel fee under §9-1-45 is denied.
The defendants will present a form of judgment for entry on notice to the plaintiff.